IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
IN ADMIRALTY
CASE NO. _____

| | |
|---|---|
| WHITE LIGHTNING SPORTFISHERMAN, INC. d/b/a LIGHTNING YACHTS <br><br> v. <br><br> M/V SUSIE-Q (O.N. 1089047) (Hull ID No. HATFB571H900 ), her boats, tackle, apparel, furniture, engines, fishing history and permits, and appurtenances, etc., *in rem,* <br><br> and <br><br> TIMOTHY STEPHEN RHODES and SUZANNE WILLIAMS RHODES, *in personam* <br><br> Defendants | VERIFIED <br><br> COMPLAINT |

WHITE LIGHTNING SPORTFISHERMAN, INC. d/b/a LIGHTNING YACHTS ("Plaintiff") by and through its attorneys, files this Complaint, under the general maritime law of the United States, against the M/V SUSIE-Q (O.N. 1089047) (Hull ID No. HATFB571H900), her boats, tackle, apparel, furniture, engines, fishing history and permits, and appurtenances, etc., (collectively the "Vessel") *in rem*, TIMOTHY STEPHEN RHODES (defendant "Timothy") and SUZANNE WILLIAMS RHODES

(Defendant "Suzanne") (Defendants Timothy and Suzanne are collectively ("Owners"), *in personam*, alleging as follows:

## Jurisdiction and Venue

1. This action is brought under Rule 9(h) of the Federal Rules of Civil Procedure, under the Admiralty and Maritime Law of the United States, 28 U.S.C. §1333 and 46 U.S.C. § 30103 *et seq.*, as Plaintiff has provided necessaries to the Vessel, has a maritime lien on the Vessel and may bring this civil action *in rem* against the Vessel to enforce its lien pursuant to 46 U.S.C. § 31342.

2. Venue is proper in the Eastern Division of the United States District Court for the Eastern District of North Carolina in accordance with Supplemental Admiralty Rule C as the Vessel is within the district and physical jurisdiction of this Court currently and at all times material hereto.

## Parties

3. The allegations in the paragraphs above are re-alleged as if fully set forth herein.

4. At all times material hereto, Plaintiff was a corporation incorporated and existing by virtue of the laws of the state of North Carolina, with its principal place of business in Carteret County, North Carolina.

5. On information and belief and at all times material hereto, *in rem* Defendant Vessel was a 1999 fiberglass hull vessel of 50.8' in length, with a United States Coast Guard Official Number 1089047 and Hull ID No. HATFB571H900. On information and belief, the Vessel is and was at all times material to this Complaint, within the District.

6. On information and belief and at all material hereto, Defendant Timothy Steven Rhodes was an individual resident of Carteret County, North Carolina.

7. On information and belief and at all material hereto, Defendant Suzanne Williams Rhodes was an individual resident of Carteret County, North Carolina.

8. Defendants Timothy and Suzanne are the sole Owners of the Vessel.

9. At the requests of Owners, Plaintiff provided necessaires to the Vessel, for which Plaintiff has not been paid and for which Plaintiffs claim a maritime lien against the Vessel.

## FACTS

10. The allegations in the paragraphs above are re-alleged as if fully set forth herein.

11. Toward the end of November 2016, Owners requested that Plaintiff provide necessary labor, materials and parts to the Vessel, including but not limited to a complete re-painting of her hull, along with all accompanying preparation and bodywork and certain interior renovations (re-veneering the salon mostly), and such other necessaries as will be shown at trial.

12. After receiving Owners' request set out above, Plaintiff agreed to perform this initial scope of work to the Vessel at a time and materials rate: Time: $50.00 / hr. and Materials: Costs: actual costs plus 10%.

13. While the initial scope of work was being carried out onboard the Vessel by Plaintiff, Owners requested that numerous additional items and tasks be added to the job, including but not limited to: sandblasting, bottom painting, complete re-working of interior and exterior portions of the vessel, including a complete custom renovation of the Vessel's salon and such other necessaries as will be shown at trial.

14. An outstanding balance for the above described necessaries provided to the Vessel exists in the amount of at least $304,990.00.

**FIRST CLAIM FOR RELIEF – IN REM CLAIMS AGAINST THE VESSEL**

15. The allegations in the paragraphs above are re-alleged as if fully set forth herein.

    In or about

16. At Owners' request, Plaintiff provided the necessaries described above to the Vessel and has not been paid.

17. The Vessel is liable to Plaintiff *in rem* for at least $304,990.00. as a result of its receipt of said necessaries.

18. Pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Plaintiff is entitled to arrest the Vessel to satisfy Plaintiff's claims, including but not limited to money owed for the necessaries described, pre-judgment interest, costs, expenses, and attorneys' fees as alleged with more specificity *supra*.

19. Plaintiff agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest of the Vessel.

20. On information and belief, **exigent circumstances exist** in that the Owners have taken steps to remove the Vessel from Plaintiff's facility without Plaintiff's consent, and now appear to be making the Vessel ready and capable of leaving the District and the *in rem* jurisdiction of this Court.

## SECOND CLAIM FOR RELIEF – OWNERS *IN PERSONAM*

21. The allegations in the paragraphs above are re-alleged as if fully set forth herein.

    In or about

22. At Owners' request, Plaintiff provided the necessaries described above to the Vessel pursuant to a maritime contract and has not been paid.

23. Owners are liable to Plaintiff jointly and severally for breach of their maritime contract with Plaintiff for such necessaries.

## PRAYER

WHEREFORE, Plaintiff prays:

a. That process of arrest issue immediately and be served on the Vessel as provided by Supplemental Admiralty Rule C, with all persons asserting any right of possession or ownership interest in the Vessel cited to appear and answer the matters herein;

b. That judgment be entered for Plaintiff and against the Vessel and Owners, jointly and severally, in an amount in excess of $304,990.00., exclusive of interest and costs, as demonstrated at trial for its past, present and future damages, plus pre-judgment and post-judgment interest, collection and recovery costs, attorneys' fees, and other amounts as are or may become due and owing;

c. That the Vessel be condemned and sold and the proceeds applied to such judgment;

d. That this Honorable Court grant Plaintiff such other and further relief as the Court may deem just and proper under the circumstances.

Dated: 26 April 2018

**CLARK, NEWTON & EVANS, P.A.**
*Counsel for Plaintiff*
By:
/s/ Don T. Evans, Jr.
NC Bar No. 19003
/s/ Seth P. Buskirk
NC Bar No. 36664
509 Princess St.
Wilmington, North Carolina 28401
Telephone: (910) 762-8743
Facsimile: (910) 762-6206
dte@clarknewton.com
spb@clarknewton.com

VERIFICATION and DECLARATION (28 USC § 1746)

I, William Schwabe declare under the penalty of perjury the following:

I am Vice President of WHITE LIGHTNING SPORTFISHERMAN, INC. d/b/a LIGHTNING YACHTS and authorized to speak on behalf of WHITE LIGHTNING SPORTFISHERMAN, INC. d/b/a LIGHTNING YACHTS. I have read the foregoing VERIFIED COMPLAINT and know the contents thereof. The facts alleged in the foregoing VERIFIED COMPLAINT are true and correct to the best of my knowledge except those things alleged on information and belief, and as to them, I believe them to be true.

_____(SEAL)
William Schwabe

Date: 4-25-18